

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| *970 Broad Street, 7th floor* | 973-645-2700 |
| *Newark, New Jersey 07102* | |

2024R00838

February 12, 2026

The Honorable Michael E. Farbiarz
United States District Judge
Frank R. Lautenberg Post Office and U.S. Courthouse
2 Federal Square
Newark, New Jersey 07101

        Re:    <u>*United States v. Jonathan Arce and Joel Hernandez*
                Crim. No. 25-132</u>

Dear Judge Farbiarz:

      Trial in this case is scheduled to begin on April 13, 2026. The United States respectfully submits this letter to request that the Court conduct an inquiry pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012), during the week of February 23, 2026. Alternatively, in the event that Arce and/or Hernandez sign the now-pending plea offers, the Government requests that the Court conduct a Rule 11 hearing in lieu of the *Frye* inquiry.

      *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance of counsel under the Sixth Amendment. And before *Frye*, controlling precedent in this Circuit held that a failure to advise a defendant that he/she had the option of pleading "open" (that is, without the benefit of a plea agreement) to the charges in the indictment also can qualify as ineffective assistance of counsel. *See United States v. Booth*, 432 F.3d 452 (3d Cir. 2005). Recognizing that precedents like these could create an opportunity for defendants to manipulate the process, the Supreme Court suggested that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a

> defendant has been fully advised before those further proceedings commence.

*Id.* at 146 (emphasis added).

In this case, the Government made formal plea offers to both Arce and Hernandez, all of which were transmitted to defense counsel. The offers to Arce were dated February 17, 2025 (sent to predecessor counsel), and February 6, 2026. The offers to Hernandez were dated October 18, 2024 (sent to predecessor counsel), and February 6, 2026. The February 6, 2026, plea offers expire on February 19, 2026. Thus, by the week of February 23, 2026, both Arce and Hernandez will have either agreed to plead guilty, or their respective plea offers will have expired. Defense counsel has not indicated to the Government that either Arce or Hernandez wishes to plead "open" to the Superseding Indictment.

In light of the Supreme Court's decision in *Frye* and the Third Circuit's decision in *Booth*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from later claiming that his counsel failed to convey and advise him about these plea offers or failed to explain that the defendant could, if he chose, plead guilty without the benefit of a plea agreement, and to make a sufficient record that counsel fulfilled those obligations. But to ensure compliance with the prohibition against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offer.

Instead, the Government suggests the following procedures. First, the Government will state on the record as to each defendant the charges in the Superseding Indictment and potential maximum penalties.[1]

Second, the Government will state on the record that it sent formal plea offers to defense counsel as indicated above, after which the Court would ask defense counsel the following questions:

---

[1] This is appropriate at this juncture to ensure that Arce and Hernandez have rejected the plea offers understanding the maximum potential penalties if they are convicted.

**To Counsel for Arce**

1. To your knowledge, did prior counsel, Anthony Pope, Esq., receive a proposed plea agreement dated February 17, 2025?

2. To your knowledge, did Mr. Pope provide a copy of that proposed plea agreement to your client?

3. To your knowledge, did Mr. Pope review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. To your knowledge, did Mr. Pope have a sufficient opportunity to discuss the proposed plea agreement with your client?

5. To your knowledge, did Mr. Pope inform your client that, if your client declined the plea offer, the Government may bring additional charges resulting in higher sentencing exposure?

6. Did your client reject the February 17, 2025, plea agreement?

**To Counsel for Hernandez**

1. To your knowledge, did prior counsel, Georgina Pallitto, Esq., receive a proposed plea agreement dated October 18, 2024?

2. To your knowledge, did Ms. Pallitto provide a copy of that proposed plea agreement to your client?

3. To your knowledge, did Ms. Pallitto review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. To your knowledge, did Ms. Pallitto have a sufficient opportunity to discuss the proposed plea agreement with your client?

5. To your knowledge, did Ms. Pallitto inform your client that, if your client declined the plea offer, the Government may bring additional charges resulting in higher sentencing exposure?

6. Did your client reject the October 18, 2024, plea agreement?

**To Counsel for Both Arce and Hernandez**

7. Did you receive a proposed plea agreement dated February 6, 2026?

8. Did you provide a copy of the proposed plea agreement to your client?

9. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?

10. Did you have a sufficient opportunity to discuss the proposed plea agreement with your client?

11. Did your client reject the proposed plea agreement?

12. Did you also inform your client that, any time before a second superseding indictment is returned, he can plead guilty to every count in the Superseding Indictment without any plea agreement with the Government?

13. Did you inform your client that a second superseding indictment may contain additional charges and/or charges with longer mandatory minimum periods of imprisonment?

Third, if defense counsel answers "yes" to all of those questions, the Government suggests that the Court address each defendant as follows: I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question—nothing more.

1. Did you receive a proposed plea agreement dated [for Arce: February 17, 2025; for Hernandez: October 18, 2024]?

2. Did you receive a proposed plea agreement dated February 6, 2026?

3. Did you have a sufficient opportunity to consult with your attorneys about each proposed plea agreement?

4. Do you understand that it is exclusively your decision whether to accept or reject each proposed plea agreement, but that you should make that decision in consultation with your attorney?

5. Did you, in fact, reject each proposed plea agreement?

6. Prior to rejecting the first proposed plea agreement – that is, the agreement dated [for Arce: February 17, 2025; for Hernandez: October

18, 2024] – did you understand that if you were indicted the Government could bring additional charges resulting in higher sentencing exposure?

7. Do you also understand that, any time before a second superseding indictment is returned, you can plead guilty to every count in the Indictment without any plea agreement with the Government?

8. Do you understand the maximum potential penalties if you're convicted?

9. Do you understand that a second superseding indictment may contain additional charges and/or charges with longer mandatory minimum periods of imprisonment?

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* or *Booth* problems without compromising or intruding upon the attorney-client relationship.

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

_____
Eli Jacobs
Sammi Malek
Assistant United States Attorneys